**UNITED STATES of America, Appellee,**

v.

**William Robert WHITFIELD, Appellant.**

No. 82–5255.

United States Court of Appeals,
Fourth Circuit.

Argued April 15, 1983.

Decided Aug. 22, 1983.

William P. Robinson, Jr., Norfolk, Va. (Robinson, Eichler, Zaleski & Mason, Sidney H. Kelsey, Jr., Moss, Sizemore, Kelsey & Callahan, Norfolk, Va., on brief), for appellant.

Tommy E. Miller, Asst. U.S. Atty., Norfolk, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER and SPROUSE, Circuit Judges and FOX [*], District Judge.

JAMES C. FOX, District Judge:

Appellant, William Robert Whitfield, was convicted of capital (first degree) murder and robbery, in violation of 18 U.S.C. §§ 1111 and 7 and 18 U.S.C. §§ 2111 and 7, by a jury in the Eastern District of Virginia on July 31, 1982, Judge Walter E. Hoffman presiding. Appellant asserts the following bases for appeal: (1) that the trial court erred in denying the appellant's motion to require the prosecution to articulate non-biased rationale in exercising peremptory strikes to exclude blacks from the jury; (2) that the trial court erred in admitting certain photographic evidence depicting the deceased; (3) that the evidence was insufficient as a matter of law to sustain a conviction for murder; and (4) that the evidence was insufficient as a matter of law to sustain a conviction for robbery.[1]

On or about March 2, 1982, Roy Alvis Ramey, an employee of Empire Cleaners of Norfolk, Virginia, was murdered while making a delivery at the Norfolk Naval Base in Norfolk, Virginia. Mr. Ramey's body was discovered in his delivery truck. Mr. Ramey died as the result of some 18 blows to the head with a blunt instrument. There were no eye witnesses to the homicide. The Government's primary witness against the appellant was Gregory Banks, who testified that on the evening of March 1, 1982, he and Whitfield had been driving around in a borrowed van. Banks testified that he and Whitfield returned to the motel where they were staying in Norfolk where Banks and appellant parted. Whitfield allegedly told Banks that he had run out of cash and he was going to go to the naval base and rob and kill Mr. Ramey. Banks testified that he next saw Whitfield at about 11:30 a.m. when the appellant returned to the motel with bloodied face and clothes. The testimony was that Whitfield showed Banks a wad of money and admitted to killing and robbing Ramey at that time and further spoke of the crime while he and Banks drove to New York in the van.

*Defendant's Motion to Require the Government to State Reasons for Using its Peremptory Challenges*

Appellant contends that the district court erred in denying the appellant's motion to require prosecution to articulate non-biased rationale in exercising peremptory strikes to exclude blacks from the jury which ultimately was sworn and tried the appellant. This contention is asserted notwithstanding the facts that (1) the appellant has offered no evidence from which it could be inferred that the Government attempted to systematically excuse all blacks from the jury on account of their race, and (2) 6 of the 14 jurors and alternates were, in fact, black.

Appellant concedes that the prosecution's exercise of peremptory strikes is ordinarily beyond judicial purview and that ordinarily requirements should not be placed on the prosecution which are not similarly imposed upon the defense in the exercise of peremptory strikes. Appellant argues, however, that if peremptory challenges are susceptible of being used to impair a defendant's

---

[*] Honorable James C. Fox, United States District Judge for the Eastern District of North Carolina, sitting by designation.

[1.] The appellant was indicted jointly with Gregory Lamont Banks on April 12, 1982, on charges of first degree murder and robbery. A superceding indictment was returned against appellant alone on June 14, 1982, also charging him with first degree murder and robbery.

right under the Sixth Amendment to an impartial jury drawn from a fair cross section of the community (as appellant contends occurred in this case), the trial court must require the prosecution to demonstrate that blacks were not being systematically excluded because of race. Appellant relies upon *People v. Payne,* 106 Ill.App.3d 1034, 62 Ill.Dec. 744, 436 N.E.2d 1046 (1982), which so held, indicating that the prosecution was not entitled to a presumption that its actions were consonant with Constitutional mandates. The appellant is urging this court to adopt the *Payne* holding, which is contrary to substantial case law, as acknowledged by appellant.

Appellant's contentions are without merit. No facts have been shown which would indicate that the jury selection was improper. "Although prosecutors may not systematically exclude identifiable segments of the community from jury panels and the juries ultimately drawn from those panels, there is no constitutional requirement a jury be composed of members of the defendant's race." *Braxton v. Estelle,* 641 F.2d 392, 395 (5th Cir.1981), citing *Apodaca v. Oregon,* 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184, 192 (1972). Furthermore, the Supreme Court, though recognizing that the trial court may control peremptory challenges, stated:

> In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subject to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Ne-

groes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it.

*Swain v. Alabama,* 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965). See also *United States v. Boykin,* 679 F.2d 1240 (8th Cir.1982), *United States v. Jones,* 663 F.2d 567 (5th Cir.1981), and *United States v. Newman,* 549 F.2d 240 (2d Cir.1977). We, therefore, are unpersuaded by appellant's proposition. We do not impose upon the prosecution such a non-discriminatory articulation requirement; and we find no error in the jury selection in this case.

### *The District Court's Admission of Certain Photographic Evidence Depicting the Deceased*

■ Appellant asserts that the introduction of certain photographs, depicting the wounds received by the deceased, Ramey, were so gruesome and horrible that they inflamed the passions of the jury and deprived the appellant of a fair and impartial jury and due process of law and constituted reversible error. Initially, the trial court excluded the photographs in question, pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the appellant having stipulated that the victim was bludgeoned to death with a blunt instrument. Later in the trial, the Government sought to introduce the photographs for the purpose of connecting up the wounds with the Government's exhibit # 1, a crescent wrench;[2] and as such, the photographs were admitted.

In the absence of a clear showing of abuse of discretion, the trial court's decision to admit or reject photographs into evidence should not be disturbed. *United States v. Fleming,* 594 F.2d 598 (7th Cir.), *cert. denied,* 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299 (1979). Appellant attempts to distinguish the present case from *Fleming* because of the prior stipulation with respect

---

**2.** A wrench, with hair and blood of the victim on it, was found near the body. Inside the van driven by appellant had been a 12-inch crescent wrench which belonged to the owner of the van.

to the cause of death. However, this is a distinction without a difference in this case because the concern lies with abuse of discretion by the trial court. While it is certainly possible that appellant could have been convicted in the absence of the photographs; and, while it may be true that appellant suffered prejudice by its admission, we do not find abuse of discretion by the trial court, and we find nothing in the admission of the photographic evidence to constitute reversible error.

### Sufficiency of the Evidence to Support the Conviction of Appellant for First Degree Murder and Robbery

Appellant asserts that the evidence was insufficient as a matter of law to sustain a conviction for murder and robbery. Appellant argues that the evidence is insufficient because his conviction was based largely upon the testimony of one witness—Banks—who appellant asserts could just as easily have committed the offenses, and who had motive to testify falsely, having been allowed to plead guilty to a lesser offense of accessory after the fact upon his testimony against appellant.[3]

The standard of review is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1970). See also, *United States v. Sherman,* 421 F.2d 198 (4th Cir.), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970). While there is only circumstantial evidence beyond Banks' testimony, the evidence, including Banks' testimony, would support a guilty verdict. There was a murder. There was evidence to show that Banks and Whitfield had had possession of the van during the time of the murder and that only Banks and Whitfield had access to the alleged murder weapon. Banks testified concerning conversations with Whitfield about the murder. Whitfield, whose testimony directly contradicted Banks' testimony, was impeached such that a jury could have disbelieved his testimony and accepted Banks' version of the events. We cannot find from the evidence in the record that no rational trier of fact could have convicted Whitfield.

We have rejected each of defendant Whitfield's four arguments on appeal. He has been convicted fairly of violating 18 U.S.C. §§ 1111 and 7, and 18 U.S.C. §§ 2111 and 7. This conviction is

AFFIRMED.