878 F.2d 1431
 28 Fed. R. Evid. Serv. 459
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Micah Lee SERVIS, Defendant-Appellant.
 No. 88-5206.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided June 28, 1989.
 
 John Baker Boatwright, III (Boatwright & Linka on brief) for appellant.
 Charles Christopher Casalnova, Special Assistant U.S. Attorney (Henry H. Hudson, United States Attorney, N.G. Metcalf, Assistant United States Attorney on brief) for appellee.
 Before K.K. HALL, Circuit Judge, FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation, and RICHARD L. WILLIAMS, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Micah Lee Servis appeals from his conviction of assault in violation of 18 U.S.C. Sec. 113(f). He contends that the district court erred in admitting certain photographs of the victim's injuries. He also contends that the evidence was insufficient to support a guilty verdict. Finding no merit to either of these contentions, we affirm.
 
 I.
 
 2
 On May 25, 1988, 22-month old Christopher Short was taken to Kenner Army Hospital at Fort Lee, Virginia with severe burns over both feet from the ankles down and on his legs and hands as well. After receiving emergency treatment, he was transported to the burn unit at the Medical College of Virginia where he was treated by Dr. B.W. Haynes. At trial Dr. Haynes testified that Christopher's injuries, described as partial thickness injuries, were comparable to second-degree burns. He also testified that the burns were immersion-type burns, typical of injuries that result from a child being placed in hot water, in for example, a bathtub. Although he was unable to state that the injuries were the result of child abuse, Dr. Haynes did testify that immersion-type injuries are a reasonably frequent pattern in child abuse cases.
 
 
 3
 Servis was babysitting for Christopher at the Short residence on Fort Lee when the injuries occurred. He initially told a doctor at Kenner Army Hospital that Christopher was burned accidentally when he pulled a pan of boiling water over onto himself. Several days later, however, Servis told Special Agent Michael Michaelson of the United States Army Criminal Investigation Command that the child was burned in the bathtub.[1] At trial Servis adhered to the second explanation. He admitted turning on only the hot water but testified that "the water to me was not that hot." The evidence showed that the thermostat on the hot water heater in the Short home had been turned up to 140 degrees Fahrenheit. Dr. Haynes testified that at this temperature significant injury would occur in approximately five seconds. Servis testified that although Christopher attempted to climb out of the bathtub he told him to get back in, and left the child in the water for two and one-half to three minutes while he left the bathroom. Pieces of Christopher's skin were found in the bathtub.
 
 
 4
 A jury found Servis guilty of assault in violation of 18 U.S.C. Sec. 113(f) which makes it a federal crime to commit an assault resulting in serious bodily injury within the special territorial jurisdiction of the United States. He was sentenced to thirty months imprisonment and thirty-six months of supervised release. Servis appeals.
 
 II.
 
 5
 On appeal, Servis contends that the district court erred in allowing the introduction of certain photographs taken of Christopher's injuries. He argues that the photographs were not relevant, that they were not probative because they were taken six days after the injuries occurred, and that they were prejudicial in a case that was ripe for unfair prejudice by virtue of the very fact that it involved allegations of deliberate child abuse.
 
 
 6
 In the absence of a clear showing of abuse of discretion, the trial court's decision to admit photographs into evidence should not be disturbed. United States v. Whitfield, 715 F.2d 145 (4th Cir.1983). Appellant has failed to show an abuse of discretion in this case. His first argument that the photographs were not relevant is meritless. Clearly the photographs were relevant to show the extent of the child's injuries which in turn went to disproving appellant's theory of the case that the injuries were accidental. We also find unconvincing the argument that the photographs were not probative because they were taken six days after the injuries occurred. Finally, we find no merit to appellant's third argument that any probative value the photographs may have had was outweighed by their prejudicial effect. Appellant bases his argument on Federal Rule of Evidence 403 which provides in pertinent part that "[a]though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." This Court has recently reaffirmed the well-established principle that " 'the appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge; absent extraordinary circumstances, the Courts of Appeals will not intervene in its resolution.' " United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.1988). In this case, we find no abuse of discretion on the part of the ditrict court and thus refuse to reverse appellant's conviction on the basis of the admission of the photographs.
 
 III.
 
 7
 Appellant argues that the district court erred in not granting his motion for judgment of acquittal. Under Glasser v. United States, 315 U.S. 60 (1942), an appellate court must consider the evidence in the light most favorable to the government and then determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt. The evidence in this case easily met this standard.
 
 
 8
 Appellant initially lied about what caused the child's injuries and Dr. Haynes testified that although he could not unequivocally state that Christopher suffered from child abuse, he could state that Christopher's injuries were typical of a child abuse pattern. Further, although the appellant denied intentionally injuring the child, the jury was entitled to assess the credibility of the witnesses and in doing so discount the appellant's explanation. We find that the evidence was sufficient to prove beyond a reasonable doubt that the appellant was guilty of assault as charged. Accordingly, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Servis told Agent Michaelson that he put Christopher in the bathtub to clean him after he soiled his underpants, an act that caused Servis to be provoked with the child