944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. WILEY, Jr., Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, Defendant-Appellee.
 No. 90-3177.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1991.
Decided Sept. 25, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-89-1465-JFM)
 Argued: Joseph Smukler, Meyer, Lasch, Hankin and Poul, Philadelphia, Pa., for appellant.
 Stephen Bennett Caplis, H. Russell Smouse, Whiteford, Taylor & Preston, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 John A. Wiley, Jr. appeals from a jury verdict in his action for damages under the Federal Employers' Liability Act, 45 U.S.C. § 51. He asserted that in the course of his employment as a machinist supervisor, he injured his back while throwing a derail switch. Wiley alleged that the switch was difficult to throw because the rails were in disrepair. For the reasons stated below, we affirm the jury verdict.
 
 
 2
 Wiley first challenges comments made by counsel in defendant's closing argument. Plaintiff's counsel objected three separate times at trial to disparaging comments made by defense counsel in his closing. The defense referred to Wiley's treating physician as "the butcher of Philadelphia" and accused the doctor of fraud "in conjunction with the lawyer." After the jury was charged, the trial court brought them back into the courtroom and informed them that "[n]obody is accusing [plaintiff's counsel] of having engaged in fraudulent conduct."
 
 
 3
 Fair review of a counsel's alleged misconduct must take into account the "totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself." City of Cleveland v. Peter Kiewit Sons' Co., 624 F.2d 749 (6th Cir.1980). The trial court has considerable discretion in determining whether conduct by counsel is so prejudicial as to require a new trial, Draper v. Airco, Inc., 580 F.2d 91, 94 (3d Cir.1980), and the power to set aside a verdict for misconduct of counsel should be sparingly exercised on appeal. City of Cleveland, 624 F.2d at 756.
 
 
 4
 Evidence was presented at trial that the treating physician's credentials were questionable, that Wiley was referred to the doctor by his attorney, that the attorney had referred numerous clients to the doctor before, that the doctor held an interest in the clinics where various diagnostic tests were performed, and that Wiley's condition worsened while under the physician's care. Therefore, even though the defense attorney's closing comments were harsh, they were not, as the district court noted, without evidentiary support. Since the specific statements about fraud were brief and irrelevant to the central issues of liability and damages and since the court informed the jury that no one was being accused of fraud, we find that the defense attorney's disparaging closing comments do not warrant a new trial.
 
 
 5
 Wiley next alleges that the trial court erred in refusing to admit an injury analysis report as evidence. The court at first admitted the report and later struck it as evidence because testimony indicated that it was at least in part based on hearsay. The court also stated that it refused to admit the report because of the report's minimal probative value. See Fed.R.Evid. 403. The court instructed plaintiff's attorney that he could argue that the report was made, but he could not read from it.
 
 
 6
 The record supports the court's determination that the report may have been based on hearsay. The report is also cumulative of the testimony of the two employees who prepared it. Appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge, and, absent extraordinary circumstances, the Courts of Appeal will not intervene in its resolution. United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.1988). Moreover, since the safety workers who prepared the report testified concerning their conclusions as to the cause of the accident and the existence of the report, exclusion of the report did not affect a substantial right. See Fed.R.Evid. 103(a).
 
 
 7
 Finally, Wiley alleges that the trial court improperly denied him permission to show the jury a videotape of the track in the vicinity of the accident purportedly made by the defendants. The court refused to admit the tape because it was not listed as an exhibit in a pretrial order. Wiley asserted that the defendant knew that its own safety committee had prepared the videotape and that the defendant deliberately failed to acknowledge its existence in pretrial discovery. Thus, Wiley argues that he could not have ascertained its existence but for his own investigation on the eve of trial. The defense asserted that it had no knowledge of the tape until Wiley's counsel notified him the day before trial. The tape was never entered or marked as an exhibit and is not contained in the record.
 
 
 8
 Departure from, or adherence to, a pretrial order is a matter within the discretion of the trial judge. Beissel v. Pittsburgh and Lake Erie Ry Co., 801 F.2d 143, 150 (3d Cir.1986), cert. denied, 479 U.S. 1088 (1987). The decision to permit or to exclude non-listed evidence will not be disturbed absent a clear abuse of discretion. Id. The criteria for evaluating such an exercise of discretion are:
 
 
 9
 (1) the prejudice or surprise in fact to the opposing party;
 
 
 10
 (2) the ability of the party to cure the prejudice;
 
 
 11
 (3) the extent of disruption of the orderly and efficient trial of the case; and
 
 
 12
 (4) the bad faith or willfulness of the non-compliant party.
 
 
 13
 Id. In light of these criteria, the district court did not abuse its discretion in refusing to admit the videotape as evidence.
 
 
 14
 Defense counsel was not apprised of the videotape's existence until the day before trial. The witness who testified concerning preparation of the videotape testified that he thought he had shown the tape to the supervisor of production, but he was not "one hundred per cent sure," so it was not clearly established that the defense knew about the tape and deliberately concealed its existence from the plaintiff. If the tape were shown at trial, that would have been the defense's first view of its contents. To allow the jury to see the video without permitting the defense an adequate amount of time to prepare its objections and cross-examination would be unduly prejudicial to the defense and difficult to remedy. Moreover, in the absence of clear abuse of discretion, a trial court's decision on admissibility of photographic evidence should not be disturbed. United States v. Whitfield, 715 F.2d 145, 147 (4th Cir.1983).
 
 
 15
 Even if the trial court did err in refusing to admit the tape, such error was harmless since photographs of the scene were submitted as evidence and witnesses testified as to how conditions depicted in the photographs were different from conditions on the day of the accident. The witness involved in the filming of the video testified that it depicted the condition of the tracks. Further, the videotape was clearly cumulative of other evidence which was properly admitted. Thus, exclusion of the videotape did not affect any substantial right of Wiley. See Fed.R.Evid. 103(a).
 
 
 16
 For these reasons, we affirm the verdict in favor of the defendant.
 
 
 17
 AFFIRMED.