**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 96-4363

JEFFREY JENKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-444-A)

Submitted: October 29, 1996

Decided: December 6, 1996

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Drewry B. Hutcheson, Jr., Alexandria, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Dennis M. Kennedy, Assistant
United States Attorney, John David Kuchta, Special Assistant United
States Attorney, Joseph A. Aluise, Third Year Law Student, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Jenkins, a Lorton prison inmate, appeals his convictions of assault by striking, beating or wounding, and assault resulting in serious bodily injury. We affirm.

Jenkins first contends that the trial court erred in permitting the trial testimony of a witness, Lieutenant Williams, after Williams violated the order to exclude witnesses at the hearing on the motion to suppress. A trial judge may exercise his discretion in permitting a witness to testify at trial when the witness had earlier been present in court contrary to the judge's order. United States v. Marson, 408 F.2d 644, 650 (4th Cir. 1968), cert. denied, 393 U.S. 1056 (1969). It is not an abuse of discretion to permit the testimony when there is no evidence of prejudice, collusion, or willful violation of the court's order. See United States v. Gammon, 961 F.2d 103, 105 (7th Cir. 1992). There is no indication here that the government knew Williams was in the courtroom as Smith, its second witness, testified at the suppression hearing. Furthermore, Williams testified first and thus could not have altered his testimony based upon hearing what Smith had to say. Williams' subsequent testimony at the suppression hearing, which could have resulted in additional incriminating evidence admitted against Jenkins at trial, was barred by the court. Finally, Williams' trial testimony shows no signs of collusion based upon what he improperly heard at the suppression hearing. The trial court thus did not abuse its discretion in allowing Williams' testimony.

Jenkins next contends that the trial court erred at the suppression hearing in concluding that Williams personally gave him warnings under Miranda v. Arizona, 384 U.S. 436 (1966). This contention lacks merit because the transcript of the hearing establishes that Williams did indeed advise Jenkins of his rights.

2

Jenkins also asserts that the Miranda warning itself was inadequate because he was not told he had a right to an attorney being present during the interview. We have held that the satisfaction of Miranda does not turn on the precise formulation of the warnings, but on whether the warnings reasonably convey the requisite rights to a suspect. United States v. Frankson, 83 F.3d 79, 81 (4th Cir. 1996). Jenkins need not have been informed specifically that he had a right to a lawyer during the interrogation because the warning given "communicated to [him] that his right to an attorney began immediately and continued forward in time without qualification." Id. at 82. Therefore, this contention is also meritless.

Jenkins also maintains that the Miranda warning he received was incomplete because he was never told that, if indigent, an attorney would be appointed for him. Assuming arguendo that the court erred in admitting Jenkins' statement because the Miranda warning was incomplete, such error was harmless. The erroneous admission of a statement taken in violation of Miranda is "harmless only when the court, after assessing `the record as a whole to determine the probable impact of the improper evidence on the jury,' can conclude beyond a reasonable doubt that the error did not influence the jury's verdict." Williams v. Zahradnick, 632 F.2d 353, 360 (4th Cir. 1980) (quoting Morgan v. Hall, 569 F.2d 1161, 1166 (1st Cir.), cert. denied, 437 U.S. 910 (1978)).

A careful review of the record as a whole reveals that Jenkins' statement did not affect the jury's verdict. Jenkins' sneaker print resembled the print on the victim's face. The victim's blood was found on the bottom of Jenkins' shoe, and Jenkins himself testified that he engaged in an altercation with the victim and stomped the victim several times after he was already on the ground. Jenkins' three witnesses corroborated this account.

On appeal, Jenkins maintains that any error in admitting the statement is not harmless, because neither he nor his witnesses would have testified at trial had the statement been suppressed. Without his and his witnesses' testimony, he contends, the government's evidence would have been insufficient to convict. This contention is meritless because it rests entirely on convenient speculation. For that matter, the government could argue that had the statement been suppressed,

3

it would have put on more evidence at trial, such as testimony from the victim. Because a reasonable jury would have convicted Jenkins based upon all the evidence at trial, we find that any error in admitting his statement was harmless.

Jenkins next contends that the district court erred in admitting hearsay through its medical witness. The witness, an emergency room physician who treated the victim, testified on direct that "[t]here was reportedly -- and I got this second- or third-hand as I often do in the ER -- a loss of consciousness -- " (J.A. 99). The doctor mentioned this factor in the context of discussing the treatment he ordered for the victim.

We find that the second-hand information offered by the doctor was not admitted in error because it falls into an exception to the hearsay rule under Fed. R. Evid. 803(4), which allows admission of hearsay "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Rule 803(4) does not require that the hearsay statement at issue be made by the victim. John W. Strong et al., McCormick on Evidence § 277, at 248 (4th ed. 1992).

Moreover, even if the hearsay was admitted in error, it was harmless, because other witnesses testified firsthand that they observed the victim unconscious. Accordingly, we find this contention also fails.

Jenkins also maintains that the district court erred in continuing the trial after he voluntarily absented himself from the courtroom. A defendant may waive his constitutional right to be present at his own trial. Taylor v. United States, 414 U.S. 17, 19-20 (1973). And a defendant's voluntary absence without compelling justification constitutes a waiver of the right to be present. United States v. Camacho, 955 F.2d 950, 953 (4th Cir. 1992), cert denied, 510 U.S. 1000 (1993). We review a district court's decision to proceed with trial once a defendant has voluntarily absented himself for abuse of discretion. Id.

During voir dire, Jenkins articulated his dissatisfaction with counsel. When the judge refused to readdress Jenkins' motion for a new

4

attorney, Jenkins slipped out of his chair onto the floor and refused to respond to the court. After the judge satisfied himself that Jenkins was not ill, was conscious and simply ignoring the court, he completed jury selection with Jenkins still present in the courtroom.

While counsels' opening arguments were not transcribed for the record, counsels' briefs make it clear that during the government's opening argument, Jenkins was given the option by the court of remaining in the courtroom or removing himself from the proceedings. Both the government and Jenkins agree he left voluntarily. Jenkins later returned to the proceedings while the government's second witness was testifying.

Under these circumstances, we find that the district court did not abuse its discretion in continuing with trial. Considering its heavy docket, the presence of jurors and witnesses ready to proceed, and Jenkins' evident lack of cooperation, the court correctly found that there was, on balance, a controlling public interest to continue the trial in Jenkins' absence. Unlike in Camacho, where the defendant was late to court due to a snowstorm and trial was commenced without him, here Jenkins elected to leave court after voir dire and after the trial had begun. Consequently, the court properly continued with trial. This claim is thus also meritless.

Last, Jenkins maintains that photos of the victim's face introduced at trial were inflammatory and should have been excluded. We review the admission of photographs for abuse of discretion. United States v. Whitfield, 715 F.2d 145, 147 (4th Cir. 1983).

The admission of photos of the victim's face was proper because the photos demonstrated a tread pattern from a shoe which had been imprinted on his face during the assault. Thus, as in Whitfield, the photos here connected the victim's wounds with a weapon--Jenkins' shoes. Id.

Jenkins further asserts that the court erred in admitting two photographs when one would have sufficed. In fact, the record shows that the government attempted to introduce three photos, and that the two admitted photos showed different angles of the victim's face. Conse-

5

quently, there was sufficient basis to introduce more than one photo. Jenkins' last claim is thus also without merit.

Accordingly, we affirm Jenkins' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

6