UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ARTHUR F. JONES, a/k/a Arthur
Palmer, a/k/a Junior, a/k/a June,
            *Defendant-Appellant.*

No. 00-4203

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-99-362)

Submitted: October 31, 2000

Decided: November 17, 2000

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Scar-
lett Wilson, Assistant United States Attorney, Charleston, South Car-
olina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Arthur Jones, Jr., appeals his conviction by a jury for his role in an armed robbery during which he shot and killed a man in violation of 18 U.S.C. §§ 1951-52 (1994) and 18 U.S.C. §§ 924(c) & (j) (1994). On appeal, Jones contends that the district court abused its discretion with respect to several evidentiary rulings. *United States v. Rhynes*, 206 F.3d 349, 368 (4th Cir. 1999) (standard of review for district court evidentiary rulings is abuse of discretion), *cert. denied*, ___ U.S. ___, 68 U.S.L.W. 3748 (U.S. June 5, 2000) (No. 99-9386). Finding no merit to any of Jones's assignments of error, we affirm his conviction.

Jones first claims that the district court erred in admitting his custodial statements to police because they were "unreliable" and therefore less probative than prejudicial. Fed. R. Evid. 403. Evidence, like these incriminating statements, that is highly probative will often be prejudicial to the defense. *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997). In light of the fact that the Rule requires a statement's probative value must be "substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403, Jones has fallen short of showing that the district court abused its discretion in allowing evidence of Jones's statement to the arresting officers. As the district court noted, Jones's arguments regarding the statements' reliability go more properly to the weight to be afforded the evidence by the jury than to their admissibility.

Jones next contends that the district court erred in admitting evidence of his escape from jail while awaiting trial on the instant charges. The prosecution, as is permitted, offered evidence of Jones's flight to prove his consciousness of guilt. *See United States v. Porter*, 821 F.2d 968, 976 (4th Cir. 1987) (evidence of flight admissible to prove consciousness of guilt). Because there was no evidence that

Jones was unaware of the instant charges, or escaped following the commencement of a second investigation unrelated to the truck stop robbery, *see United States v. Beahm*, 664 F.2d 414, 419-20 (4th Cir. 1981), we have no difficulty finding that the district court did not abuse its discretion in admitting the evidence of Jones's escape.

Finally, Jones contends that the district court erred in admitting photographic evidence of the crime scene notwithstanding his offer of an admission regarding the position of the victim's body and the fact that the victim had been shot. In light of the district court's finding that the evidence was "pretty sanitary," *cf. United States v. Analla*, 975 F.2d 119, 125 (4th Cir. 1992), the court's admission of the photograph notwithstanding Jones's offer was not an abuse of discretion. *United States v. Whitfield*, 715 F.2d 145, 148 (4th Cir. 1983).

There is no merit to Jones's challenges to the district court's rulings. Accordingly, Jones's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*